Good morning, your honors. My name is Larry Gibbs. I'm representing the petitioner Robert Anderson, and I'd ask to reserve two minutes, please. I'd like to devote most of my argument to discussion of the extradition clause problems here. There are certain things that we agree upon. The first is that the right to counsel attaches when the government initiates criminal proceedings by way of formal charge, because it is then that the government has committed itself to prosecute. There's no argument there. Secondly, we agree that if Mr. Anderson had been arrested in this state solely on the basis of an arrest warrant, his right to counsel would not attach. There's no problem there, but that's not our case. Mr. Anderson was arrested after a complaint was filed in the state of New Hampshire, and by virtue of the fact that he was arrested in the state of New Hampshire, the California extradition statute and the United States Constitution's extradition clause come into play. But you're basically, you have a habeas on an IAC claim, correct? Correct. And because you're arguing that the lawyer failed to move to exclude the confession to the murder to the police on the grounds that it was, that the confession was obtained in violation of the Sixth Amendment right to counsel. Correct. Okay. Well, they come into play as a little bit expansive. They didn't come into play because he wasn't extradited. The whole process where the governor asked the governor of New Hampshire and so on, that never happened. Well, California initiated extradition proceedings. Well, they moved it through, but the basic steps weren't taken. Well, the basic steps, actually, I beg to disagree, Your Honor. When Mr. Anderson was arrested, the New Hampshire authorities notified California that they had him. California sent back a notification that they intended to extradite him. Now, the intent to extradite means that the California authorities have to certify to the governor of California that they intend to bring Mr. Anderson back for trial. If you take a look in the excerpt of record, you also see that when the New Hampshire court agreed to his rendition back to California, it said it was obligated to do so under the Constitution of the United States. So the extradition clause is very much in the background. He didn't contest it, did he? I'm sorry? He didn't contest it. He waived the extradition hearing. That's true. All right. But the point is not whether or not he proceeded with an extradition hearing. The point is whether California had committed itself to prosecute and whether California had filed formal charges. Now, under the extradition clause of the Constitution, California cannot even initiate that proceeding without filing a formal charge. Well, to initiate it, didn't it require a letter from the governor of California to the governor of New Hampshire? The letter has to follow the filing of a formal charge in the state court of California. You can't just send a letter. And that didn't happen, did it? The filing of the formal charge? No, the letter. The letter from the governor? No, they were in the process of preparing that. In the process, it didn't happen. Right. But the point is not how far along we got in the process. The point is that the process was begun and it had to begin with the filing of a formal complaint. That's your position. That is exactly my position. Let me ask you this. He had a public defender, right? And on the advice of his public defender, he waived extradition. Am I correct on the facts? He had a public defender in New Hampshire. That's correct. And they waived. And then they came and got him or whatever they did. Just would you have a better argument if he had gone through the whole extradition? Would your argument be stronger from your standpoint? Would you rather make the argument if you had had the extradition hearing and then after, you know, having a contested hearing on that, the court ordered him, yeah, you have to go to California? Frankly, Your Honor, I don't see the answers. No, I don't see why my argument would be any stronger. The question, and we have to keep our eye on the question here, the question is whether California filed formal charges. Now, in order to even begin, and we can all agree they begun the extradition proceedings because the communications between the officers and the court in New Hampshire indicated that they were going out there to commence extradition. I mean, that's in the excerpt of record. So the question is whether, as a precedent to that, California had filed formal charges. Now, whether he contests it, and now Mr. Anderson can contest it and say, well, there's no problem. No, but if he had contested it, then his lawyer would have said, have you filed formal charges? And they would have said, oh, my goodness, we haven't. Now we'll file them and we'll go through it. None of that happened. No, no. I mean, his lawyer could, at the extradition hearing, the only thing that would happen at the extradition hearing is that there would be an opportunity for him to see that the charges had actually been filed. Right. And his lawyer could have made a good case. You've never filed the formal charges. Therefore, he can't be extradited until you do that. But it doesn't change the fact that the paper has been filed in the court. It's the same paper. Whether he stands up in court and says, have you filed formal charges? And they wave this paper around, that's the paper that's operative in this case. Why don't you help me out here and distinguish your case from United States v. Govea or Govea and United States v. Harrison? United States v. Govea stands for the proposition that there's no right to counsel following an arrest unless formal charges have been brought. In this case, the difference is there is a complaint. It's assigned to a court. It's prepared by the district attorney. It makes all the difference in the world. That's the formal accusation. And if you look at the symmetry, look at the symmetry of the language between the Sixth Amendment and the extradition clause. Under the Sixth Amendment, you have to ‑‑ there's no right to counsel until formal charges are brought. Under the extradition clause, you can't even begin to extradite. You can't even ask until formal charges have been filed. It's the same inquiry. It's exactly the same inquiry. Now, the fact that Mr. Anderson didn't demand in the New Hampshire court to see that document, show me the document, doesn't mean the document didn't exist. The document is filed. It's there. They have it. It doesn't change the fact that that formal accusation has been brought. That's separate from the question of whether he's going to contest the sufficiency of that document, whether it's formally correct and so on. The document exists. It's in New Hampshire. It's in the record. It is a formal charge. The state has not addressed how it can have it both ways. How can it have a formal charge sufficient to begin extradition and yet say there's no right to counsel because, guess what, there's no formal charge? How can they have it both ways and say there's they certify to the governor that we're going to bring this guy back here for trial and then say there's no right to counsel because we haven't committed to prosecute? It doesn't make sense. And I would hope, I would ask the court to have the state explain how it can have it both ways once that document's filed, once they start to proceed under the extradition clause. All right. Thank you. And you can reserve the balance of your time. Good morning, Arlene. Good morning. Let me first start off by saying that the extradition process. Why don't you first tell me your name? Morris Bates. Thank you. And let me go back and state that the extradition process does not initiate the Sixth Amendment, and there is a holding on that point by every circuit court in this country that has addressed the issue. Let me address the question raised by counsel for petitioner. The Sixth Amendment right attaches where there is an adversary judicial criminal proceeding. That's stated by Gouvia, by Moore, by Brewer, every U.S. Supreme Court case that's addressed the issue. There's got to be an adversary judicial criminal proceeding before the Sixth Amendment right to counsel comes into play. Under state law, a complaint filed for an arrest warrant is not an adversary judicial criminal proceeding. All right. In terms of the status of the law, is there anything in the Ninth Circuit? Yes, Your Honor. There is, for example, United States v. Pace. And, again, the basis for the extradition process was the filing of a complaint for the arrest of the petitioner. Petitioner contends that that complaint constitutes a judicial criminal proceeding, although not an adversary judicial criminal proceeding, which generates the right to the Sixth Amendment right to counsel. That's incorrect. Under Ninth Circuit, for example, United States v. Pace, it's stated, we hold that Pace's Sixth Amendment right to counsel did not attach upon the filing of the complaint by the FBI the issuance of the warrant of arrest or Pace's arrest. In other words, Ninth Circuit and also Becker v. Bowerson, an Eighth Circuit case, says exactly the same thing. And there are a bunch of other circuits that say exactly the same thing. A complaint for an arrest warrant does not initiate the right to counsel under the Sixth Amendment. Under federal law and under the Eighth Circuit's case in Becker v. Bowerson, it doesn't even do so under the AEDPA, which gives deference and respect to the state court's determination as to what initiates an adversary process. Well, I guess what I'm asking you, just because I value both counsels' positions on this from the standpoint, is there anything exactly on point in the Ninth Circuit, or is this something that's worthy, this issue on these facts is worthy of publication? Worthy of publication? Yes. I don't think it's worthy of publication because I think the law is so clear and obvious that the rule is well established and the law is as clear as I can imagine it to be. If under the circuit law of every circuit that's ever addressed the issue, a complaint for an arrest warrant does not initiate the right to counsel under the Sixth Amendment, why, if under state law that same rule applies, is the state court ruling unreasonable? I don't understand that. And perhaps counsel can, in his reply, explain it to me. All right. Well, he has two minutes on that. I don't know if he's done yet. Do you have any further questions? Judge Jones, do you have any questions? No further questions, thank you. There are no further questions. Then I saw counsel was ready to. Thank you. First of all, it's an incorrect statement to say that every circuit in the country has held as Mr. Bietta says it has. Manning v. Bowersox is an Eighth Circuit case. The state has cited another Bowersox case for the proposition that there's no right to counsel. In that case that they've cited, it's based on an affidavit. The court makes it quite clear that they distinguish that case from Manning v. Bowersox where it was based on a complaint. Where it is based on a complaint, there is a right to counsel attaches, and that's no more than a garden variety application of a United States Supreme Court case of Moore v. Illinois. It was a case in which right to counsel was found by the United States Supreme Court based on the filing of a complaint. And it was not a complaint signed by a district attorney in Moore. It was a complaint signed by the victim. And here you have a complaint that is not only signed by a police officer. It is prepared by the district attorney, Bill Fazio. It's on the bottom of the complaint. That's number one. Number two, Mr. Beatus, there's a little bit of a sleight of hand here when he says the right to counsel attaches when there's a beginning of an adversarial criminal proceeding. That is not the law. The law does not require an adversarial criminal proceeding. Just last year, the United States Supreme Court held there was a right to counsel after an indictment had been rendered. No counsel had appeared. It's not an adversarial proceeding. There's no defense lawyer in the grand jury room. And the officers went very nicely to deliver the indictment to the defendant and say, hey, we thought you might want to see this, and got some statements from him. That, the United States Supreme Court held in Feller v. United States, there's a right to counsel attaches. It's not an adversarial proceeding. The question is whether there is a formal accusation, which there was in this case. Finally, not every circuit has held that there's no right to counsel in an extradition process. What they have held is that when you appoint a lawyer for extradition, as Mr. Barth was appointed in this case, that does not extend ipso facto to the charge for which he is being extradited. The right to counsel is a charge specific. Now, the difference in this case is that Mr. Barth was savvy to what was going to happen here. And the reason he was savvy is because the San Francisco officers had a little dialogue with the New Hampshire people and apparently asked them to put back Mr. Anderson's arraignment so counsel would not be appointed. Now, why would they not want counsel appointed in New Hampshire for Mr. Anderson? And the reason was is that they wanted to have at him. And so Mr. Anderson learned this. He immediately called the San Francisco officers and said, I'm representing him. I am his lawyer on this. And then he asked for Brady material, a very interesting request for a lawyer who was. Is this all in the record? This is all in the record. It is all in the excerpt of record. It's in. All right. You're over your time, so I'm going to ask you to wrap up with your comments. In any event, Your Honor, the point I'm trying to make is that Mr. Anderson was represented not just by in connection with the extradition proceeding, but also with the California proceeding on which formal charges had been filed. Thank you. All right. This matter will now stand submitted. Court will call the next matter on calendar, United States of America v. Clydell Younger, case number 04102.
judges: Noonan, Callahan, Jones